UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:07-CV-00206-R

**LATISHA ASHLEA JONES**                                                                             **PLAINTIFF**

v.

**PREMIER INTEGRITY SOLUTIONS, INC., ET AL.**                                **DEFENDANTS**

**OPINION AND ORDER**

This matter comes before the Court on Defendant Bill Ramage's Motion for Summary Judgment (DN 22). Plaintiff has responded (DN 29), and Defendant has replied (DN 31). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

Plaintiff Latisha Ashlea Jones brought this employment discrimination action against Defendants, claiming that they discriminated against her on the basis of her gender and religious beliefs and retaliated against her because of her complaints of such unlawful discrimination. She alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and the Kentucky Civil Rights Act ("KRCA"), KRS 344.010 *et seq.*, as amended.

From June 2006 until May 31, 2007, Jones was employed by Defendant Premier Integrity Solutions, Inc. In February 2007, Defendant Bill Ramage became Jones' supervisor. He has moved for summary judgment on Jones' Title VII, EPA, and state law claims.

Even though Jones' Complaint may be construed as bringing Title VII and EPA claims against Ramage, she concedes in her response that only her claim of unlawful retaliation applies to him because he may not be held individually liable for violations of Title VII or the EPA. However, Jones does contend that Ramage is liable for acts of retaliation under Kentucky law.

She notes that Ramage did not address her retaliation claim in his motion, and makes a brief argument against dismissal of that claim.

In reply, Ramage argues that because Jones' retaliation claim depends upon her claims of gender and religious discrimination, and because those claims fail, he should be granted summary judgment on her state law retaliation claim. He also briefly argues that Jones has failed to establish a prima facie case of retaliation because she has not shown that there was a causal connection between the alleged protected activity she engaged in– complaining to supervisors– and the alleged adverse treatment– demotion and termination.

As Jones conceded, Ramage may not be held personally liable under Title VII because he is not an employer. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Similarly, Ramage cannot be held personally liable under the EPA. *See Rose v. G.UB.MK. Constructors*, No. 98-5755, 187 F.3d 637, 1999 WL 507025, at *2 (6th Cir. June 10, 1999). Moreover, because the KRCA generally mirrors Title VII, Ramage may not be held personally liable under Kentucky law for Jones' claims of gender or religious discrimination. *See Wathen*, 115 F.3d at 405.

Jones may, however, assert a claim against Ramage individually pursuant to the retaliation provision of the KCRA, KRS § 344.280. *See Morris v. Oldham*, 201 F.3d 784, 794 (6th Cir. 2000). In other words, Ramage could be liable for retaliation under KRS 344.280 even if he cannot be held liable for discrimination under Title VII, the EPA, or the KRCA. *See id.*; *Lewis v. Quaker Chem. Corp.*, No. 99-5405, 229 F.3d 1152, 2000 WL 1234356, at *7 (6th Cir. Aug. 24, 2000) ("[L]iability for unlawful retaliation under § 344.280 of the KCRA does not depend on the person's status as an 'employer' under § 344.030(2)."). The Court, however,

finds that the retaliation issue is not adequately briefed and therefore a determination regarding that claim at this time would be premature.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion is GRANTED IN PART and DENIED IN PART. Plaintiff's discrimination claims against Bill Ramage are dismissed; Plaintiff's state law retaliation claims remain.